# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JUSTIN CHARLES MASS, SR.,

        Plaintiff,

v.                                      Case No. 10-CV-492

JIM SCHWOCHERT,

        Defendant.

_____

## ORDER

On June 11, 2010, petitioner Justin Charles Mass, Sr. ("Mass") filed a petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As best as the court can
discern from his petition, Mass challenges the State of Wisconsin/Division of Hearing
and Appeals' ("DHA") December 7, 2009 revocation of his extended supervision[1] and
his consequent sentence of one year, three months and five days.[2] As required by
Rule 4 of the Rules Governing Section 2254 Cases, the court will now conduct an
initial screening of Mass's petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States
District Courts authorizes a district court to conduct an initial screening of habeas

---

[1] Mass's extended supervision was apparently imposed on him after a 2004 conviction for 2nd-Degree Recklessly Endangering Safety under Wis. Stat. § 941.30(2).

[2] Mass asserts four grounds for relief. He argues that: 1) the revocation of his extended supervision was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; 2) the revocation was obtained by a violation of the protection of double jeopardy; 3) he was denied effective assistance of counsel; and 4) he was denied the right of appeal.

corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous.  *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).  Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Mass's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief.  28 U.S.C. § 2244(d)(1)(A).   A judgment becomes "final" when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the Supreme Court of the United States or, if certorari is not sought, at the expiration of ninety days allowed for filing for certiorari.  *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002).

According to the information provided in his federal habeas petition, Mass's extended supervision was revoked by a DHA Administrative Law Judge ("ALJ") on December 7, 2009. He appealed this decision to the Administrator of the DHA which sustained the ALJ's decision on January 7, 2010.  According to Mass's petition, he then appealed this decision, through a petition for certiorari, to the Kenosha County

Circuit Court – the court which convicted Mass of the offense for which he was on supervision. Mass claims the circuit court denied his petition for certiorari on February 22, 2010. It does not appear from the evidence before this court that Mass sought review of the circuit court decision by the Wisconsin Court of Appeals or the Wisconsin Supreme Court.[3] Therefore, Mass's judgment became final 90 days after the Kenosha County Circuit Court denied his petition for certiorari – May 23, 2010. Mass filed his federal habeas petition with this court less than one month after his judgment became final. Accordingly, Mass's petition is timely because the petitioner has sought habeas relief within the one-year statute of limitations period prescribed by federal law.

The court continues its Rule 4 review by examining Mass's petition to determine whether he has exhausted all available state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must

---

[3] According to his own petition, Mass did not appeal the circuit court's decision, nor did he bring a motion for post-conviction relief. Moreover, the relevant public records make clear that Mass did not seek review of the circuit court's decision with the Wisconsin Court of Appeals or the Wisconsin Supreme Court.

dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990).  Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts.  *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).  Furthermore, habeas petitioners are not required to exhaust state remedies if there is no available state corrective process or if the state process is ineffective at protecting their rights.  *See* 28 U.S.C. § 2254(b).  The burden is on the petitioner of proving compliance with the exhaustion requirement.  *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

Here, it appears that all of the claims in Mass's petition have not been exhausted.  A review of the procedural history of Mass's revocation proceedings demonstrates that Mass never presented any of the claims he now asserts in his federal habeas petition to the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Individuals facing revocation of extended supervision, like Mass, have a right to a revocation hearing. Wisconsin revocation hearings are not held before a circuit court.  They are instead held by state ALJs who are employed by the DHA, an agency of the Wisconsin Department of Administration.  *See* Wis. Stat.

§ 302.113(9)(a). Mass challenged the revocation of his extended supervision in such a hearing. The ALJ ordered that Mass's extended supervision be revoked because he violated the terms of his supervised extension. Mass then pursued an administrative appeal before the Administrator of the DHA pursuant to Wis. Admin. Code § HA 2.05(8). The DHA Administrator sustained the ALJ's order of revocation.

Next, Mass properly filed a petition for writ of certiorari with the Kenosha County Circuit Court. *See* Wis. Stat. §§ 801.50(5), 801.02(7), 893.735. According to Mass's federal habeas petition, the circuit court did not decide Mass's petition on the merits, but rather denied it because Mass did not meet the statutory and procedural filing requirements, such as submitting a certified copy of his prison trust fund account statement.[4] Mass failed to provide this court with a copy of the Kenosha County Circuit Court's decision denying his petition for certiorari. Typically, without reviewing the decision, the court cannot determine whether the petitioner has fairly raised all of his grounds in state court, a necessary step before he files a federal habeas petition. However, here, because the circuit court did not decide Mass's case on the merits, the court is satisfied that Mass has not fairly raised all of his grounds in state court and thus, he has not met his burden of proving compliance with the exhaustion requirement. *Cf. Wainwright v. Sykes,* 433 U.S. 72, 87 (1977)

---

[4] In his federal habeas petition, Mass states that his petition for certiorari was denied because his inmate trust account did not reach the court before it issued an order. Mass claims the court knew the trust account was "on the way from [his] lawyer" but still denied his petition. (Pet'r's Br. 2).

(holding that a state prisoner whose federal claim is not heard in state court due to his failure to comply with an independent and adequate state procedural rule will not have that claim considered in federal court).

Furthermore, whether based on procedural or substantive grounds, if a writ is denied in the revocation of extended supervision context, the petitioner is entitled to file a notice of appeal with the Wisconsin Court of Appeals. *See* Wis. Stat. § 809.103. Therefore, Mass could have appealed the circuit court's denial of his petition for certiorari. According to his own federal habeas petition, Mass did not appeal the circuit court's decision. Furthermore, the relevant public records confirm that he did not appeal the denial of his writ of certiorari. Typically, the court would not dismiss a petition that appeared to lack exhaustion, but instead would allow the petitioner an additional opportunity to supplement his petition in order to demonstrate exhaustion. Such course of action is unnecessary in the instant case, as Mass's petition and the relevant public records indicate that Mass did not appeal the Kenosha County Circuit Court's denial of his petition for certiorari. Accordingly, the court finds that Mass has not met his burden of demonstrating compliance with the exhaustion requirement and his federal habeas petition shall be dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C.

§ 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's motion be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge